UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| FERNANDO QUIROZ, | ) | |
| Institutional ID No. 12943-298, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:12-CV-157-BG |
| GILES W. DALBY CORRECTIONAL | ) | ECF |
| FACILITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.    Procedural History**

Plaintiff Fernando Quiroz filed this action on September 6, 2012, alleging violations of his constitutional rights during his incarceration at Giles W. Dalby Correctional Facility (Dalby Facility).  On October 15, 2012, the United States District Court reassigned the case to the undersigned United States Magistrate Judge, and the undersigned scheduled a hearing to be held on December 6, 2012.

On November 21, 2012, the warden of Dalby Facility notified the court that Plaintiff was scheduled to be released to the custody of the Bureau of Immigration and Customs Enforcement on December 2, 2012.

The undersigned called Plaintiff's case on December 6, 2012, but Plaintiff was not in attendance.  Dalby Facility officers who were in attendance informed the undersigned that Plaintiff had been released to the custody of the Bureau of Immigration and Customs Enforcement.

As of this date Plaintiff has not informed the court of his new address, and there has been no further docket activity in this action.

## II. Recommendation

A district court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). It is, therefore, recommended that the United States District Court dismiss Plaintiff's Complaint for want of prosecution.

## III. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: January 11, 2013.

NANCY M. KOENIG
United States Magistrate Judge